IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES PATRICK WAITES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-611-WDS** |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion to Quash Notice of Deposition. **(Doc. 24)**. Plaintiff filed a response at **Doc. 25.**

At issue is plaintiff's Notice of Deposition(s) Under Rule 30(b)(6). Plaintiff filed the Notice with the Court at **Doc. 23.**[1] Pursuant to Fed.R.Civ.P. 30(b)(6), the Notice sets forth ten subjects on which defendant's designee or designees will be asked to testify.

The Motion to Quash does not take issue with the proposed subject matter of the testimony. Rather, defendant asserts that plaintiff has not given it reasonable notice, as required by Rule 30(b)(1). The Notice was served on defendant on May 21, 2009. The deposition is scheduled for May 29, 2009. Under the current scheduling order, and the parties's agreement, as set forth in Exhibit A to **Doc. 24**, the deadline for taking defendant's deposition is May 30, 2009. Defendant argues that "unilaterally scheduling a deposition one day before the deadline with approximately one week's notice is not 'reasonable' within the meaning of Rule 30(b)(1)."

---

[1] The Notice constitutes discovery material, and should not have been filed with the court until it became the subject of a motion. See, SDIL-LR 26.1(b).

1

In opposition, plaintiff correctly points out that this District has not promulgate a local rule defining "reasonable notice." Further, the Notice itself stated that plaintiff's counsel "wishes to arrange a mutually convenient date and time for the deposition(s)." The Notice specified that the deposition would occur on May 29, 2009, only if no other date was agreed upon.

Under all the circumstances, the Court finds that plaintiff gave defendant reasonable notice. If defendant's designees and/or counsel are not available on May 29, 2009, the deposition can be moved to another mutually agreeable date. The deadline for the completion of all discovery is not until November 12, 2009, so extending the date for taking defendant's deposition should not impact the schedule. However, the Court notes that plaintiff must disclose his expert witnesses by June 15, 2009. That date will not be changed regardless of the date upon which defendant's Rule 30(b)(6) deposition is taken.

Upon consideration and for good cause shown, defendant's Motion to Quash Notice of Deposition **(Doc. 24)** is **DENIED**. The deposition shall take place on May 29, 2009, unless the parties agree upon a different date.

**IT IS SO ORDERED.**

**DATED: May 27, 2009.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**